IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JASON DENT, | : | CIVIL ACTION |
| --- | --- | --- |
| *Plaintiff,* | : | |
| | : | |
| v. | : | No. 19-2445 |
| | : | |
| WILLIAM BARR, | : | |
| *et al.,* | : | |
| *Defendants.* | : | |

## MEMORANDUM

### I. INTRODUCTION

This is a *pro se* action for injunctive relief seeking to enjoin Defendants, William Barr ("Barr") and Jay Ray Ormond ("Ormond"), from spending more money on private prisons, less money on Federal Bureau of Prisons ("BOP") operated prisons, and ceasing the "current policies." Plaintiff, Jason Dent ("Dent"), has submitted a filing titled "Emergency Injunction," which the Court has construed as his Complaint in this matter. *See* ECF No. 1. Because the Complaint is from a prisoner seeking redress from an officer or employee of a government entity, this Court considers *sua sponte* whether the Complaint should be dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. For the reasons set forth below, Plaintiff's Complaint will be dismissed because it does not allege a case or controversy under Article III of the Constitution.

1

## II. BACKGROUND

Dent alleges that the current prison spending policies have led to worsened prison conditions and increased violence. *See* ECF No. 1. Dent alleges that in April 2008, a legislative coordinator with the AFGE,[1] testified before Congress and noted that rising levels of violence in prisons run by the BOP was due to insufficient staffing and resources. *Id.* ¶ 1. Dent next alleges that on April 20, 2008 a major race riot broke out at U.S.P.[2] Florence, during which two prisoners were killed, and thirty prisoners and one staff member were injured. *Id.* ¶ 2. Further, Dent alleges that in March 2008, a BOP official estimated that a $289 million budget shortfall may result in the cutting of guard positions, which may then result in decreased safety and security for staff and inmates. *Id.* ¶ 3.

Dent next alleges that the BOP removed UNICOR, which left inmates unable to pay court fines and restitutions, removed washers and dryers, which increased staph infections, removed microwaves, removed breakfast from the menu, and served inmates peanut butter and jelly or sandwich meat for dinner. *Id.* ¶ 4. Dent also alleges a general lack of jobs and food. ECF No. 1 ¶ 4. He next alleges that these policies have created an "ultra-violent" environment, and attached a document to his Complaint that appears to list the number of inmate and

---
[1] The Court assumes that Dent's reference to the "AFGE" is an acronym for the American Federation of Government Employees.
[2] The Court assumes that Dent's reference to "U.S.P." is an acronym for United States Prison.

2

correctional officer murders that occurred between 2008 and 2016. *Id.* ¶ 5. Dent then alleges that private prisons did not experience any budget cuts, and states the amounts of money the BOP has paid to a number of private prisons during the years 2014 through 2016. *Id.* ¶ 6-8. He next alleges that on January 29, 2018, a BOP Assistant Director leaked a memo, which stated that the Trump administration intended to boost the use of private prisons while cutting federal staff. *Id.* ¶ 9. Finally, Dent alleges that warehousing, rather than rehabilitation, is now the BOP goal. *Id.* ¶ 10.

## III. DISCUSSION

### A. Standard of Review

When a prisoner seeks redress from a government entity or officer of the government, courts have a duty under 28 U.S.C. § 1915A to review the complaint, and to dismiss the complaint if it is found to be "frivolous, malicious or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A. In evaluating "the sufficiency of a *pro se* complaint, the court must be mindful to construe it liberally in favor of the plaintiff." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

The standard for dismissal of a complaint under 28 U.S.C. § 1915A is identical to the standard for Fed. R. Civ. P. 12(b)(6) motions. *Hunterson v. Disabato*, 244 F. App'x 455, 457 (3d Cir. 2007) (further citations omitted) (citing

3

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir.1999)) (applying the Fed. R. Civ. P. 12(b)(6) standard for § 1915A(b)(1) *sua sponte* dismissal). Therefore, to survive dismissal, the complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the factual content allows the court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* Further, if a complaint fails to plead facts sufficient to satisfy the standing and "case or controversy" requirement of Article III, the court may *sua sponte* dismiss the complaint under § 1915A. *Martin v. Keitel*, 205 F. App'x 925, 928-29 (affirming District Court *sua sponte* dismissal of complaint under § 1915A). The plaintiff bears the burden of showing that he has standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

B. Standing

Here, Plaintiff requests that this Court require Defendants to cease the spending of more money on private prisons, the spending of less money on BOP operated prisons, and "the current policies." ECF No. 1 at 1. Under Article III, § 2 of the Constitution, federal courts have the authority to decide legal questions that resolve cases or controversies. *Trump v. Haw.*, 138 S. Ct. 2392, 2416 (2018). One of the essential elements of an Article III case or controversy is that the plaintiff

4

has standing. *Hollingsworth v. Perry*, 570 U.S. 693 (2013). The Supreme Court has consistently held that a plaintiff who alleges only a general grievance about the government, absent any threatened and actual interest of his own, does not state an Article III case or controversy. *Lujan*, 504 U.S. at 573-74. Rather, a plaintiff must sufficiently show that 1) it has suffered an "injury in fact . . . which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; 2) there is "a causal connection between the injury and the conduct complained of – the injury has to be fairly . . . traceable to the challenged action of the defendant"; and 3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 560-61 (internal citations and quotations omitted). In the present case, Dent fails to adequately allege injury, traceability and redressability as required for standing; therefore this Court must dismiss his Complaint.

1. <u>Injury</u>

In order to show standing, Article III first requires that a plaintiff show that there is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan,* 504 U.S. at 560 (internal citations and quotations omitted). In *Lujan*, Plaintiffs challenged the decision of the Secretary of Interior when they altered their environmental conservation policies in foreign nations. *Id.* at 558-59. In

reaching its decision, the Supreme Court reasoned that a generalized future interest in seeing certain species preserved was not sufficiently particularized or imminent to constitute injury sufficient for standing. *See id.* at 564.

Similarly, the Third Circuit has held that allegations of a vague and indefinite future injury are not sufficient to constitute the injury necessary for standing. *Pa. Prison Soc. v. Cortes*, 508 F.3d 156 (3d Cir. 2007). In *Cortes*, Plaintiffs challenged an amendment to the Pennsylvania Constitution that increased the number of votes needed for obtaining a pardon or commutation of sentence. *Id.* at 158. In holding that the prisoner Plaintiffs lacked standing, the Court reasoned that Plaintiffs did not allege a particularized injury because they failed to show that they were personally harmed by the policy. *Id.* at 165. In addition, the Court reasoned that they failed to allege that their injury was imminent because they failed to prove that they were in the process of applying for a pardon, or planning to immediately apply for a pardon, and therefore, at risk of imminent injury. *Id.* Therefore, the Court found the Plaintiffs in *Cortes* alleged only non-concrete "some day" injuries. *Id.* at 166.

Similar to the Plaintiffs in both *Lujan* and *Cortes*, Dent fails to allege that he will suffer particularized and imminent injury as a result of the current spending policies. *See* ECF No. 1. Dent alleges that insufficient funding by the BOP has contributed to, and will continue to contribute to, increased violence in federal

prisons. *See* ECF No. 1 ¶¶ 1-5. Like the Plaintiffs in both *Lujan* and *Cortes*, Dent alleges only a generalized grievance, without alleging how he is particularly harmed by the current spending policies. *See id.* Dent does not allege that he has personally suffered injury, or that injury is imminent at his current place of incarceration. *See id.* Rather, he sets forth allegations of violence largely at prisons where he is not currently incarcerated. While Exhibit 2 shows three prisoner homicides at the facility where Plaintiff is located, the most recent death occurred in 2013. *See id.*, Ex. 2, 4-5. The fact that the last alleged incident at Dent's facility was years ago fails to show risk of imminent injury to Dent. Further, no information is provided as to the circumstance surrounding these homicides, failing to show that Dent himself could be at risk to suffer imminent injury. *See id.* Dent's allegations that the increased violence is connected to the spending policies are merely conclusory, therefore Dent has failed to sufficiently show injury as required for standing.

2. Traceability

Second, even if injury was sufficiently alleged, Dent still fails to allege traceability. Under Article III, a plaintiff must show that the alleged injuries are "fairly traceable to the challenged conduct of the defendants." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). In addition, "the traceability prong focuses on *who* inflicted that harm." *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131,

7

142 (3d Cir. 2009) (emphasis in original). The alleged injury cannot be "the result of the independent action of some third party not before the court." *Finkelman v. Nat'l Football League*, 810 F.3d 187, 193 (3d Cir. 2017) (citing *Toll Bros., Inc.*, 555 F.3d at 142). This requirement is "akin to 'but for' causation" in tort and may be satisfied "even where the conduct in question might not have been a proximate cause of the harm." *Id.* (further citations omitted) (citing *Edmonson v. Lincoln Nat'l Life Ins. Co.*, 725 F.3d 406, 418 (3d Cir.2013). An "indirect causal relationship will suffice," provided that "there is a 'fairly traceable connection between the alleged injury in fact and the alleged conduct of the defendant.'" *Id.* at 193-94.

Dent fails to adequately satisfy this requirement because he fails to show that his alleged injury is fairly traceable to the conduct of the Defendants, namely the BOP spending policies. Dent alleges injury in the form of worsening prison conditions and increased violence, neither of which can be fairly traced to the spending policies that Dent seeks to enjoin. *See* ECF No. 1 ¶¶ 1-5. Dent's Complaint does not show any causation between increased violence/worsening prison conditions and the BOP's spending policies. Dent's allegation that the two are connected is merely conclusory. In addition, the Complaint fails to exclude the possibility that third-party actors, such as other prisoners or prison staff, may be the cause of Dent's alleged injury; not the BOP's spending policies. *See id.*

8

Therefore, it cannot be said that the spending policies that Dent seeks to enjoin are the "but for" cause of his alleged injury.

Although Dent alleges that BOP prison officials estimated that large budget cuts may force the cutting of guard positions so that the safety of staff and inmates could be at risk, this allegation alone fails to prove that the budget cuts and spending policies are the cause of his alleged injuries. *See id.* ¶ 3. The allegation is merely speculative as alleged in the Complaint. In addition, although Dent alleges that the policies have created an ultra-violent environment and provides numbers of inmate and staff murders, he fails to show that the murders resulted from the policies, and that his own potential injuries are a result of the BOP's current policies. *See id.* ¶ 5. Dent also alleges that there were no budget cuts to private prisons, however, he fails to show that his alleged injuries are fairly traceable to these spending policies. Therefore, Dent fails to establish that his alleged injuries are fairly traceable to the policies that he seeks to enjoin.

3. Redressability

Finally, assuming Dent sufficiently alleges injury and traceability, he nonetheless fails to allege that his injury would be redressed by granting the relief requested in his Complaint. Article III requires a plaintiff to establish it is "'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan*, 504 U.S. at 561 (quoting *Simon v. Eastern Ky.*

9

*Welfare Rights Organizations*, 426 U.S. 26, 41-42 (1976)). The Supreme Court has noted that "suits challenging, not specifically identifiable Government violations of law, but the particular programs agencies establish to carry out their legal obligations . . . [are], even when premised on allegations of several instances of violations of law, . . . rarely if ever appropriate for federal-court adjudication." *Id.* at 568 (citing *Allen,* 468 U.S. at 759–760). The Court in *Lujan* further noted that redressability was not present when it was entirely conjectural whether the nonagency activity that Plaintiffs sought to alter would be affected by altering the activity of the named agency. *Lujan*, 504 U.S. at 571.

Like the Plaintiffs in *Lujan*, Dent fails to allege that altering the challenged activity would redress his alleged injury. Dent alleges that because of the current spending policies, prison conditions are worsening and violence is increasing throughout the country. *See* ECF No. 1 ¶¶ 1-5. Also, like the Plaintiffs in *Lujan*, Dent challenges a general policy, namely the BOP's spending policies. *See id.* at 1. However, Dent does not allege any facts that support a conclusion that increased spending on BOP prisons and decreased spending on private prisons would alleviate the risk of violence, and therefore his alleged injury. *See id.* ¶¶ 1-10. Similar to the Plaintiffs in *Lujan*, Dent fails to prove that non-agency activity, namely the violent behavior of other prisoners or prison staff, would be affected by altering the prison spending activity that Dent seeks to enjoin. *See id.*

Although Dent alleges that legislative coordinators have blamed the violence on insufficient staffing and resources, this alone is insufficient to show that ceasing the current spending policies and increasing spending on BOP prisons will redress Dent's alleged injury. *See id.* ¶ 1. While Dent alleges that private prisons did not experience budget cuts, he does not show that the facility he is detained in has experienced budget cuts or is becoming increasingly violent. *See id.* ¶¶ 6-8. Further, alleging that private prisons did not experience budget cuts, without any additional information about the violence in private prisons, fails to show that a larger budget will lessen violence, and therefore, redress Dent's alleged injury. *See id.* Because there is no concrete connection between budget cuts, violence, and Dent's alleged injury, redressability is merely speculative and insufficient for standing.

## IV. **CONCLUSION**

For the foregoing reasons, Plaintiff Dent does not have standing to bring his claims. Therefore, in accordance with § 1915A, Plaintiff's claims are dismissed. An appropriate order to follow.

**BY THE COURT:**

Dated: 6-19-2019

_____
CHAD F. KENNEY, JUDGE

11